**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1259**

MICHAEL BARRICK,

Plaintiff - Appellant,

v.

PNGI CHARLES TOWN GAMING, LLC, d/b/a Hollywood Casino at Charles Town Races; WILLIAM FLORENCE,

Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:17-cv-00091-GMG)

Submitted: February 28, 2020                    Decided: March 26, 2020

Before THACKER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael Barrick, Appellant Pro Se. Jeffrey Todd Bergstrom, MON HEALTH SYSTEM, Morgantown, West Virginia; Richard M. Wallace, LITTLER MENDELSON PC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Barrick appeals the district court's order granting the Defendants' motion for summary judgment and dismissing his civil action alleging wrongful termination and retaliation, in violation of the Bank Secrecy Act (BSA), 31 U.S.C. § 5328(a) (2018), and the Sarbanes-Oxley Act (SOX), 18 U.S.C. § 1514A (2018). For the reasons set forth below, we affirm.

"We review de novo a district court's grant . . . of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotation marks omitted).

The burden-shifting framework incorporated from the Whistleblower Protection Program of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR-21"), 49 U.S.C. § 42121(b) (2018), applies to whistleblower claims under SOX. *Feldman v. Law Enforcement Associates Corp.*, 752 F.3d 339, 344 (4th Cir. 2014). The district court applied the same test to Barrick's BSA claim. Because the AIR-21 framework is more favorable to Barrick than the traditional *McDonnell Douglas*[1] test, and the

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Defendants did not appeal its application, we will assume for the purposes of this appeal that the AIR-21 framework applies to both of Barrick's claims.

Under this test, an employee must establish that "(1) []he engaged in protected activity; (2) the employer knew that []he engaged in the protected activity; (3) []he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Feldman*, 752 F.3d at 344 (internal quotation marks omitted). If the employee meets this burden, the defendant must "rebut the employee's prima facie case by demonstrating by clear and convincing evidence that the employer would have taken the same personnel action in the absence of the protected activity." *Id.* at 345 (internal quotation marks omitted).

Taking the evidence in the light most favorable to Barrick, we conclude that he failed to demonstrate that his protected activity was a contributing factor to the termination of his employment. It is undisputed that Barrick had received a final written warning from the Casino before engaging in any protected activity, and he was aware that any further violations would result in his termination. The Casino terminated Barrick's employment after discovering he had engaged in a violation of its personal relationship policy, which we find to be a "legitimate intervening event" that severed any causal connection between the reported activity and Barrick's termination. *Id.* at 349. Moreover, Barrick's father, who engaged in the same protected activity, remains employed by the Casino. *See id.* (noting that plaintiff failed to meet burden where another employee engaged in identical

3

protected conduct but was not terminated). We therefore uphold the district court's dismissal of both Barrick's BSA and SOX claims.[2]

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Although Barrick challenges his prior disciplinary actions on appeal, these claims were not raised below and we decline to consider them for the first time on appeal. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014).